[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 27, 1975 at Wilton, Connecticut. The plaintiff has resided continuously in this state for approximately twenty-six years. There is one child issue of the marriage, Jessica, who has reached majority. The evidence indicates that this marriage has irretrievably broken down, and CT Page 14078 judgment may enter dissolving the marriage on that ground.
The plaintiff, age 55, enjoys good health. She holds a B.S. degree in education and a master's degree in social work. Since the birth of her daughter, however, she has devoted her efforts to being a mother and homemaker.
The defendant, age 52, indicated no serious health problems. He also received a degree in education and has been employed as a teacher for the last thirty years. In addition, he has operated his own home repair business for several years.
Both parties appear bright and sensitive. It is unfortunate that they have been unable to communicate and work out their problems. Each must bear some responsibility for the failure of their marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-81, 46b-82 and 46b-62 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $2,100 per month ($25,200 per annum). This amount shall be payable in two installments of $1,050 each on the first and fifteenth day of each month. The payments shall commence on January 1, 1996 and January 15, 1996 and on the first day and fifteenth day of each month thereafter in advance until the death of either party or the plaintiff's remarriage whichever first occurs. A contingent wage withholding order may enter.
For the month of December, 1995, the defendant shall pay as periodic alimony all the household expenses he previously has been paying and also pay in addition to whatever payments he has made directly to the plaintiff the sum of $300.
2. The plaintiff shall retain ownership of the residence located at 45 Old Belden Hill, Wilton, Connecticut, free from any claims of the defendant. The plaintiff shall indemnify and hold the defendant harmless with respect to the first mortgage and the equity line of credit.
3. The defendant shall vacate the cottage/shop/garage he currently occupies on the property at 45 Old Belden Hill by CT Page 14079 February 1, 1996. The current order restricting the defendant's access to the main house shall remain in effect.
4. As an assignment of property, the plaintiff shall pay to the defendant the sum of fifty thousand ($50,000) dollars. The payments shall be as follows: twenty-five thousand ($25,000) dollars by February 1, 1996, and twenty-five thousand ($25,000) dollars by a promissory note, at no interest, payable upon the sale of the residence, the plaintiff's death, the plaintiff's remarriage or cohabitation or December 31, 2000, whichever first occurs. The note shall be secured by a mortgage on the plaintiff's residence. The mortgage shall be subordinated to any mortgage or equity credit line the plaintiff currently owes or may owe in the future as long as the first mortgage and credit lines do not exceed the total sum of $140,000. The mortgage deed shall contain the usual provision of mortgage instruments prepared for Connecticut lending institutions.
5. The plaintiff shall retain the following assets: her sole and joint savings with her mother bank accounts; her Prudential life insurance policy; her IRA; and her Prudential Annuity Fund.
6. The defendant shall retain the following assets: his checking and credit union accounts; his AETNA TDA; his Annuity Saving Account; his American Express IRA; his truck, Cadillac, motorcycle; his business known as Renaissance Workshop, together with his tools and equipment associated with the business.
7. The defendant shall transfer title of the 1987 Volvo automobile to the plaintiff.
8. The defendant shall assign to the plaintiff a fifty (50%) percent interest in his pension with the Scarsdale Board of Education by way of a Domestic Relations Order. The value of the Pension as of December 31, 1995 shall be used to determine the plaintiff's fifty percent interest. The court reserves jurisdiction to resolve any problems that may occur to implement this order. Specifically, the court reserves jurisdiction to determine any issue concerning the survivor benefits that may be available to the plaintiff. However, the court expects the parties to resolve this outstanding issue either by stipulation or request for a hearing within six months of the date of this memorandum.
9. The plaintiff shall be responsible for the payment of the following debts: CT Page 14080
 a. The Learning Clinic $10,900 b. Atty. Laviano $ 2,400 c. Dr. Stuart Losen $ 2,400 d. 50% — Hyde School $ 5,400 e. 50% — Citibank Visa $ 3,750 ------------ Total $24,850
If the lawsuit pending against the town of Wilton for the educational expenses of the parties' daughter is successful, the plaintiff shall be entitled to receive the entire amount of the proceeds awarded.
10. The defendant shall be responsible for the payment of the following debts:
 a. 50% — Hyde School $ 5,400 b. 50% — Citibank Visa $ 3,750 c. Visa — Chase $ 6,300 d. American Express $ 500 e. Credit Union $ 4,700 f. TDA Loans $12,900 g. IRS $ 1,284 h. All household bills through December 31, 1995 Water Tax — Wilton $ 1,986 SNET $ 467 CLP $ 224 Home Equity $ 593 --------------- Total $38,104
11. The defendant shall cooperate with the plaintiff to assist the plaintiff in exercising her COBRA rights under the defendant's medical insurance policy. The premiums for the plaintiff's coverage shall be her sole obligation.
12. The defendant shall maintain the existing Golden Rule mortgage life insurance policy for so long as he is obligated to pay periodic alimony and for so long as the plaintiff continues to own the property located at 45 Old Belden Hill.
13. The court orders the division of the personal property located in the cottage as stipulated by the parties. The plaintiff is CT Page 14081 awarded all the items listed on schedule A of her claims for relief with the defendant getting 4 teak chairs. If the parties are unable to agree on the division of the personal property located in the main residence, they shall request assistance from the Family Services Unit of this court. The court reserves jurisdiction to enter further orders over this issue if necessary.
14. Each party shall pay his and her own counsel fees.
15. The plaintiff's maiden name of Moore is ordered restored.
Judgment may enter accordingly.
NOVACK, J.